## THE MIDWEST REF. CO. v. GEORGE
(No. 1699; January 25, 1932; 7 Pac. (2d) 213)

See also 41 Wyo. 55, 281 Pac. 1005.

For plaintiff in error there were briefs by *Hagens* and *Wehrli,* of Casper, Wyoming, and oral argument by *Mr. G. R. Hagens.*

For the defendant in error there were briefs and the case was argued orally by *Robert R. Rose,* of Casper, Wyoming.

28

*Hagens* and *Wehrli,* in reply.

BLUME, Justice.

This is the second appeal in the case. Most of the facts of importance herein are detailed in the opinion in the case on the first appeal, found in 41 Wyo. 55, 281 Pac. 1005. Only those necessary to make this opinion intelligible will be repeated, or enlarged upon, here. The Midwest Refining Company, appellant, will be designated herein as the employer, and George, the respondent, as employee.

The employee, because of injuries received on December 12, 1924, filed a claim for compensation. The parties addressed a petition to the court containing a stipulation as

to the judgment that should be rendered, which in part is as follows:

"Employee, therefore, for the purpose of settlement in this matter, claims an award for 62½ percent of permanent total disability, in the sum of $2500 together with an award for temporary total disability in the sum of $150.00, as above set forth. Employee hereby agrees that he is satisfied with the above claim and that such awards shall be received by him in full settlement of all claims and demands against the Midwest Refining Company from the Industrial Accident Fund of the State of Wyoming, growing out of the said accident of December 12, 1924, and the alleged accident of October 3, 1926, unless his condition, without the interference of any other causes, grows steadily worse, and in no event shall employee make any additional claim herein if by reason of returning to work at any gainful occupation, he shall receive any additional injury whatsoever by reason of accident, strain, activity or labor which may or shall tend to aggravate or aggravate and increase the disability hereinabove described."

The prayer was as follows:

"Wherefore, employer and employee pray an order of court be entered in favor of said Edwin George, employee, for the full sum of $2650 as hereinabove set forth and that the same be a full, final and complete adjudication of the rights of the parties hereto and the industrial accident fund of the State of Wyoming as to all matters and things herein involved."

On February 21, 1927, the court entered a judgment finding the disability of the employee to be 62½% making an allowance of $2650, and stating: "This order to be in full, final and complete adjudication of the rights of the parties hereto," without mentioning the condition of the stipulation relating to the employee's condition growing worse thereafter.

On December 26, 1928, the employee filed a petition to reopen the case, claiming that his condition had grown worse since the entry of the foregoing judgment, and ask-

ing additional compensation. The court directed that notice of the filing of the petition be given to the employer. Whether that was done or not does not appear. But the case was set for hearing on January 7, 1929, and at that time, the employer appeared by counsel. The petition, including the stipulation above mentioned, was read; the parties proceeded in the hearing without any objection on the part of the employer, and testimony was produced by both parties, directed to the point as to whether or not the employee's condition had become worse since the judgment of February, 1927, within the meaning of the foregoing stipulation. The court found, by order of January 10, 1929, that the employee was not entitled to further compensation. Thereupon, and on January 16, 1929, the employee filed a motion for a new trial. This motion came on for hearing on February 4, 1929, and at that time, being during the same term, the court directed that the order of January 10, 1929, be opened for the purpose of taking further testimony. That testimony was taken on March 14, 1929. At that time, the employer, through its counsel, objected to the jurisdiction of the court, claiming that because the court had not disposed of the motion for a new trial, nor had set the order of January 10, 1929, aside, it had no right to proceed. The objection was overruled; the court heard further testimony, and allowed the employee $1500 additional compensation. That judgment was appealed to this court. We reversed it on the ground that the evidence did not show that the employee's condition had grown worse, and sent the case back for a new trial. At the commencement of that trial, the objection against the jurisdiction of the court was renewed, and specifically on the ground that the judgment of February 21, 1927, was a final judgment, which the court had no power to reopen after the expiration of the term. That is the most important point in the case. We discussed it in the opinion on the former appeal, but did not decide it, except to hold that the implied consent given on January 7, 1929, by the

employer to the reopening of the case was a qualified one, and could not be held to have conferred power upon the court beyond the terms of the consent. The court overruled the foregoing objection and allowed $800 as additional compensation. From this judgment the employer has appealed.

1. The objection urged in the brief that the order of January 10, 1929, has never been vacated does not appear to be well taken. The record shows that it was. The order to that effect was made during the same term at which the order of January 10, 1929, was made, and during that term the court had full power and control over its judgments.

2. The general rule, of course, is that after the term is ended, all final judgments and decrees ordinarily pass beyond the control of the court, unless steps are taken during the term, by motion or otherwise, to set them aside, or modify or correct them. Boulter v. Cook, 32 Wyo. 461, 234 Pac. 1101; 236 Pac. 245. But there are exceptions to this rule. How far consent constitutes such exception is not altogether clear, and the courts are not in harmony. See 34 C. J. 219-220, 15 C. J. 808, and cases there cited. Counsel for the employee contends, as he did on the previous appeal, that the court had general jurisdiction over workmen's compensation cases; that it had power, accordingly, to determine what compensation should be allowed; that jurisdiction in the particular case could be conferred by consent, and that such consent was impliedly given when no objection to the hearing of January 7, 1929, was made. Counsel for the employer, on the other hand, argues that cases involving modification of a judgment constitute a separate class, and power over them cannot be conferred by consent, so far as the subject matter is concerned. We may, for the purposes of this case, concede that to be true. Notwithstanding that, we have, upon careful consideration, come to the conclusion that the court was not without jurisdiction in the January, 1929, and subsequent hearings.

The statute can authorize a court to vacate, modify or correct its judgments after the term. We have a statute conferring that power in certain cases within a certain time. Sections 5923 and 5932, Wyo. C. S. 1920. We need not inquire whether the case at bar falls within the intent of the statute. Courts of equity—and our District Courts have equitable powers—may in certain cases give relief without reference to the statute. Edwards v. Cheyenne, 19 Wyo. 150, 151, 114 Pac. 677, 122 Pac. 900; Harden v. Card, 17 Wyo. 210, 218, 97 Pac. 1075; Coal & Mining Co. v. Coal Company, 39 Wyo. 379, 405, 272 Pac. 12. In 34 C. J. 453, quoted in Edwards v. Cheyenne, supra, it is said that where through fraud, accident or mistake, or miscalculation a judgment is entered for an amount or in terms not intended or inconsistent with the pleadings, equity may give relief on clear and satisfactory proof.

A number of authorities hold that a court has power to amend and modify a judgment after the term, so as to contain that which, if asked for at the time, would have been granted as a matter of course, as shown by the record in the case. Freeman on Judgments, (4th Ed.) Sec. 142; Gardner v. Dering, 2. Edw. Ch. (N. Y.) 131; Stannard v. Hubell, 123 N. Y. 520, 25 N. E. 1084; Ray v. Connor, 3 Edw. Ch. 478; Rogers v. Rogers, 1 Paige 188; Sprague v. Jones, 9 Paige (N. Y.) 395; Herpe v. Herpe, 225 N. Y. 323, 122 N. E. 204; Dorsheimer v. Rorbach, 24 N. J. Eq. 33; Jarmon v. Wiswall, 24 N. J. Eq. 68; Jones v. Davenport, 45 N. J. Eq. 77, 17 A. 570; Kowalsky v. Nicholson, 23 Cal. App. 160, 137 Pac. 607; Leviston v. Swan, 33 Cal. 480, 484. This rule was laid down in England at least as early as 1802 in the case of Wallis v. Thomas, 7 Ves. Jr. 292. In Jarmon v. Wiswall, supra, the court held that:

"A final decree may be amended after enrollment, in a material point, where the amendment is in a matter as to which there could not have been a doubt of the complainant's right to have it made a part of the decree, if it had been asked for when the decree was entered, and the omis-

sion to insert it in the decree as a part thereof, arose from inadvertence."

In the case of Barthell v. Roderick, 34 Iowa 517, the relief granted was not as great as should have been granted, in that the amount of the judgment was not as large as it should have been, and it was held that equity would correct the mistake in a proceeding therefor. The case of Clements v. Utley, 91 Minn. 352, 98 N. W. 188, presents a situation somewhat similar to that in the case at bar. There a judgment was entered pursuant to stipulation of the parties, in an amount smaller than should have been. Subsequently the judgment was corrected, also by consent, and it was held that the last judgment was valid. In the well considered case of Kowalsky v. Nicholson, supra, the court held that if a judgment does not give the successful party the full measure of the relief incident to the judgment, the successful party is entitled to have it corrected *nunc pro tunc* as of the date of the original entry.

We think that the case at bar falls fairly within the rule of these authorities. The judgment of February 21, 1927, was rendered pursuant to a stipulation of the parties. We do not think that this can be questioned under the facts in this case. The conjecture that this might not be true is, we think, without foundation. Nor can there be any doubt that it was contemplated that the judgment should not be final in case the employee's condition should thereafter become worse. That appears not only from the stipulation, but also from the conduct of counsel for the employer, who clearly put that interpretation upon it when he appeared for the employer during the hearing on January 7, 1929. The original judgment, accordingly, was not in accordance with the stipulation, as it should have been, and did not give the full measure of relief to which the employee was entitled, in that it left out the provision that additional compensation could be allowed in the event that the employee's condition became worse, or, what comes to

the same thing, that the judgment then rendered might be opened in such event, the court retaining jurisdiction over the case to carry out the intention of the parties. It does not appear, if the point is material, whose fault it was that the judgment of February 21, 1927, was left defective. But when counsel impliedly consented, on January 7, 1929, that the judgment previously rendered should be modified in the event that the contingency contemplated by the stipulation had arisen, we think he thereby waived the necessity of any showing, if necessary to be made, that the defective judgment of February, 1927, did not come about by fault of the employee.

As shown by the record in this case, the employee would have been entitled as a matter of course to have had the condition of the stipulation heretofore mentioned made a part of the judgment of February, 1927. The court, accordingly, had jurisdiction, under the authorities heretofore cited, to correct the judgment thereafter so as to contain that condition. If that had been done, the court would, of course, have had full authority thereafter to proceed to hear and determine as to whether or not additional compensation should be allowed. It may be, that an order correcting the original judgment should first have been entered, and that the determination of the question of additional compensation was a separate step in the procedure. But what the court did led to the same result. It can hardly be, we think, that the entry of a formal order first correcting and modifying the original judgment was a condition precedent to the exercise of jurisdiction in allowing additional compensation when, as here, such entry was a matter of right. After all, the action of the court was in accordance with the stipulation of the parties, and the employer is hardly in position to claim that if there was any irregularity in the procedure, it was of that substantial character which calls for a reversal of the judgment herein, even aside from the consent in question. In Levin-

ton v. Swan, 33 Cal. 480, the court entered a separate judgment, instead of modifying the original judgment. This was held without prejudice, the court saying:

"The judgment in this case, as first entered, was defective in not designating the defendants who were personally liable for the debt; but inasmuch as the record shows who they were, the Court had the power to amend the judgment at any time by adding a clause designating the defendants who were personally liable. The more regular motion would have been to amend the judgment by supplying the omission which was apparent upon the face of the record, but we consider the course pursued as amounting substantially to the same thing."

The testimony as to the condition of the employee subsequent to the stipulation above mentioned is in conflict. The record does not show the same situation as it did on the former appeal, and we cannot say that there is no substantion evidence to sustain the judgment.

Finding no reversible error in the record, the judgment herein is affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.