**Ruth SPOMER, Appellant (Plaintiff below),**

v.

**Edwin R. SPOMER, Appellee (Defendant below).**

No. 4881.

Supreme Court of Wyoming.

July 13, 1978.

[redacted]

King Tristani, Cheyenne, for appellant.

Robert A. Magee, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

McCLINTOCK, Justice.

Ruth Spomer, plaintiff below and hereinafter referred to as such, appeals from the order of the district court of Laramie County, Wyoming, which order purported to correct and clarify a previous decree of that court affecting property of the parties owned by them at the time of entry of Decree of Judicial Separation and Judgment. We find no error in the order and affirm.

The marriage of Ruth and Edwin R. Spomer was severed by judicial separation after trial on October 4, 1976 to the Laramie County District Court. The decree of judicial separation and judgment was signed by the trial court on November 5, 1976 and entered November 8, 1976. It granted the prayer of the plaintiff for separation, and made disposition of the property, except as noted below, according to the agreement of the parties. The court granted plaintiff permanent alimony from Edwin R. Spomer, defendant below and hereinafter referred to as such, in the sum of $200.00 per month. The court also granted to the plaintiff a "mortgage" on the real property of the parties, located in Laramie County and used as their former residence, in the sum of $9,000.00. The court held that the mortgage on the property was to be paid off by the defendant in monthly installments over a period of 60 months, beginning on November 1, 1976, with the final payment due November 1, 1981. Interest was to be charged on the principal balance at the rate of 10% annually. In the event the defendant failed to make any single payment or to correct such failure within three months, the property was to be sold, subject to plaintiff's mortgage, and the remaining equity divided.

In January of 1977 plaintiff requested the court to force sale of the property as defendant was allegedly in arrears in his obligations. The defendant in response made request for specific performance of the judicial decree, demanding that plaintiff remove her name from the title to the property. Various other petitions and motions were filed by the parties, none of significance here.

On April 25, 1977 defendant moved the court for an order amending the decree of separation, requesting that the real property be set over to him as his sole and separate property. Plaintiff resisted. The trial court heard this motion June 8, 1977, and after review of its own orders, the evidence and facts, did order that the property be set over to the defendant as requested. The court confirmed the other provisions of the decree, and noted specifically that its original intent in the decree of November 8, 1976 was to grant to the plaintiff a division of the equity in the real property. This was to be accomplished by imposing what was termed the mortgage upon the property. This mortgage was to be paid off by the defendant according to the terms noted above. There was some confusion as to the exact nature of this order. The court apparently referred to this arrangement as "temporary alimony" on one occasion, although noting at the hearing that a property division was in fact intended, the monthly payment being the means to this end. Although not expressed, the implication is that when the defendant had completed payment according to the established terms on installment or in lump sum, the plaintiff was to have no interest in the property, the mortgage then to be a nullity. Consistent with this implication, the court set title over to the defendant but reaffirmed the mortgage interest of the plaintiff. The trial court stated at that time that it was attempting to correct an oversight in its decree of November 8, 1976 in order that it reflect the court's intention, doing so on its own motion on the strength of Rule 60(a), W.R.C.P. This amended order was dated August 9, 1977 and entered on the same day.

Plaintiff appealed from this action of the district court, alleging the following grounds:

That the order of the trial court modifying the decree of judicial separation substantially affected the property rights of the plaintiff; that this was improper under Rule 60(a), W.R.C.P.; that the time for appeal under Rule 59(e) and (f), W.R.C.P. had expired, and modification was hence improper; and that the defendant

was not entitled to relief, and the trial court could not grant the same where defendant was not acting in compliance with the order he sought to modify.

For this purpose, Rule 60(a), W.R.C.P. is identical in terms to the federal Rule 60(a), and reads as follows:

"Rule 60. Relief from Judgment or Order. (a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * * "

Initially we note that no innocent or unsuspecting third party has been apparently adversely affected by this action, nor does it appear from the record that a notice problem is presented. Both parties appeared by counsel at the hearings in question and both sought the relief of the court, neither challenging this aspect of the action. *H & B Co. of Statesville v. Hammond,* 17 N.C.App. 534, 195 S.E.2d 58 (1973).

It has always been within the power and authority of courts to correct errors or to supply defects or omissions in the records. This power is inherent in courts of justice, *Gagnon v. United States,* 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745 (1903); *Sioux City Seed Co. v. Montgomery,* 42 Wyo. 170, 291 P. 918 (1930), although limited to motions made in term. *Sioux City Seed Co. v. Montgomery,* supra. Rule 60(a) reflects this fact, but goes further and eliminates the requirement that motions be made within the court term. Wright & Miller, Federal Practice and Procedure: Civil § 2851.

The primary focus in the discussion of Rule 60(a) must center on its scope. We think it clear that this rule was not designed as a substitute for appeal, nor to affect substantive portions of a judgment or decree. *Kennedy v. Kennedy,* Wyo., 483 P.2d 516 (1971). It is not intended to cor-

rect judicial, as opposed to clerical, error. The problem is essentially one of characterization. *Kelley v. Bank Building and Equipment Corporation of America*, 453 F.2d 774 (10 Cir. 1972).

█ Several tests have been suggested to facilitate the distinctions. We feel all in essence encompass the same rule. The key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal. *Morgan Guaranty Trust Company of New York v. Third National Bank of Hampden County*, 545 F.2d 758 (1 Cir. 1976), reh. denied; *Marchel v. Bunger*, 13 Wash.App. 81, 533 P.2d 406 (1975), reh. denied; *Richards v. Siddoway*, 24 Utah 2d 314, 471 P.2d 143 (1970); *In re Humboldt River System*, 77 Nev. 244, 362 P.2d 265 (1961). This is not to imply that clerical errors are errors made by misfeasance or nonfeasance of clerks or persons of like character only. Clerical mistake refers to the type of error identified with mistakes in transmission, alterations or omission of a mechanical nature. *Allen v. Bussell*, Alaska, 558 P.2d 496 (1976); *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605 (E.D.N.Y. 1967). But the central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent. *Jackson v. Jackson*, 107 U.S.App.D.C. 255, 276 F.2d 501 (1960), reh. denied; *United States v. Stuart*, 392 F.2d 60 (3 Cir. 1968); *Blankenship v. Royalty Holding Co.*, 202 F.2d 77 (10 Cir. 1953). As the Tenth Circuit stated in *Blankenship*, supra, 202 F.2d at 79:

"Courts possess the inherent power to correct errors in the records evidencing the judgment pronounced by the court so as to make them speak the truth by actually reflecting that which was in fact done. They do not, however, possess the power to correct an error by the court in rendering a judgment it did not intend to render and by such order change a judgment actually but erroneously pronounced by the court to the one the court intended to record. * * * "

█ In keeping with this purpose to effectuate the intent of the court, we feel that 60(a) is also designed to clarify as well as correct. In this respect, we feel the rule can properly be utilized to dispel ambiguities that exist in the record, whether that ambiguity is patent or latent. *United States v. Stuart*, supra; *In re White*, 336 F.Supp. 735 (E.D.Wis.1971). Where the intention of the court is not evident or apparent, Rule 60(a) can be used to clarify the meaning to conform to the contemporaneous intentions of the court as then expressed. *In re White*, supra; *Harold Laz Advertising Company v. Dumes*, 2 Ariz. App. 236, 407 P.2d 777 (1965), reh. denied.

█ In this case, the district court, by its subsequent order of June 8, 1977 was attempting to make clear its earlier order of November 8, 1976. After review of the record, we feel the court was proper in so acting. It is uncertain what the earlier order intended. The order was confusing as to the state of title. The court subsequently expressed its intentions in regard to this original order, and modified the latter in conformance therewith. We find this procedure proper.[1]

Although Rule 60 has previously been discussed by this court, no case has specifically addressed this point nor compelled a result other than here given. *Kennedy v. Kennedy*, supra, we read for the proposition that 60(a) was not designed to make substantive alterations in a previous order issued purposefully by the court. We do note that in *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119 (1964), we found that Rule 60 is remedial and to be liberally construed. It is true that in that circumstance we spoke to 60(b), but we feel this construction applies with equal force to 60(a).

---

1. For cases factually similar see *Mickle v. Mickle*, Ala., 334 So.2d 900 (1976); *Hayes v. Towles*, 95 Idaho 208, 506 P.2d 105 (1973); *Oman v. Oman*, Colo.App., 477 P.2d 472 (1970), reh. den., cert. den.

Because of the resolution of the case for the reasons set forth above, we need not reach the questions presented regarding Rules 59(e), (f), or 60(b), W.R.C.P. We also feel that the issue of whether or not the defendant acted inequitably by coming before the court with "unclean hands" appears irrelevant. The purpose, as we have noted, of Rule 60(a), W.R.C.P. is to correct or clarify decrees and judgments so as to express the intent of the court when made. The conduct complained of occurred, if at all, only after the original order. Clarification or correction of that decree was made here on the motion of the court. The actions or inactions of a party have no limiting effect on the authority and power of a court to correct and clarify previously granted judgments and decrees to conform to original intent. We find no merit in arguments to the contrary.

The order appealed from is affirmed.