In the Matter of the ESTATE of Frank W. KIMBALL, Deceased.

John E. KIMBALL, Matt Kimball, Frank Kimball, and Penrod C. Geisinger, Administrator C. T. A. of the Estate of Edward H. Kimball, Appellants (Respondents below),

v.

Richard DeYOE, Mary DeYoe, Kathleen Hartnett, Executrix of the Estate of Anne H. Kimball, and Farmers Home Administration, Appellees (Petitioners below).

No. 4850.

Supreme Court of Wyoming.

Sept. 11, 1978.

Cameron S. Walker and William T. Schwartz of Schwartz, Bon & McCrary, Casper, and Donn Bennett of Mueller, Bennett & Hansen, Belle Fourche, South Dakota, for appellants.

Houston G. Williams and Richard L. Williams of Wehrli & Williams, Casper, and Cecil K. Hughes, Sundance, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellants, sons of Edward H. Kimball, deceased, and the administrator c. t. a. of the latter's estate, pursue this appeal from the nunc pro tunc order of the district court of Crook County, sitting in probate, which order purported to correct a final decree of settlement of account and distribution in the matter of the estate of Frank W. Kimball, deceased. The questioned order was made some twenty-eight years after entry of the final decree. We find no error in the district court's action and affirm.

Although appellants herein set out seven issues, an examination of the record reveals that while some of the propositions asserted may be supportive of the desired disposal, there is in fact only one question for resolution, which may be phrased as follows:

Did the district court have jurisdiction to enter the nunc pro tunc order which was entered herein, and if the court had such power, did it abuse its discretion in the entry of such order?

Under these circumstances, this does not necessitate a discussion of all such contentions in this opinion, which will be confined to only those matters necessarily involved in our disposal.

Frank W. Kimball died testate on March 1, 1949, in Crook County, Wyoming. His will included provision for disposition of all of his real property (a ranch) in the following manner:

"FOURTH: I give, devise and bequeath unto my wife, Anne H. Kimball, all of the real property of which I may die siezed [sic] or possessed, to be hers during the term of her natural life, and upon her death to revert to my son, Edward H. Kimball, in fee simple, it being my intention that my wife, Anne H. Kimball, receive all income from said real property during her life time.

"FIFTH: Should my son, Edward H. Kimball, predecease my wife, then all of my real property shall belong to my wife in fee simple."

There was set forth in the final report and petition for final discharge a prayer that the real and personal property of the estate "be set over and distributed in accordance with the terms of the last will and testament of the deceased." Thereafter, on December 8, 1949, a decree of settlement of account and distribution of the estate was signed by the judge of the district court, sitting in probate. The decree expressly provided that the property of said estate be:

" * * * distributed in accordance with the terms of the Last Will and Testament of the deceased, as follows, to-wit:"

However, in so doing the decree omitted to condition Edward H. Kimball's remainder interest in the real property upon his sur-

viving Anne Kimball—a condition expressly intended by paragraph 5 of the will. The estate was formally closed by order of the court entered on March 15, 1950. The record does not disclose that an appeal or other timely action was ever taken challenging the decree, and it has long since become final and binding.

No action was taken in the years next ensuing until November 27, 1974, when John B. DeYoe, acting under the authority of a power of attorney for Anne Kimball, sought by ex parte application a nunc pro tunc order to correct the decree of distribution so that it would conform to the terms of the will. The district court granted the application by an order entered on the same day. At the time of the entry of this nunc pro tunc order, Edward H. Kimball had been deceased for two years, having died on November 21, 1972.

Subsequent to the entry of the original nunc pro tunc order, Anne Kimball conveyed the property in question by warranty deed to Richard DeYoe, her grandson, and Mary DeYoe. The purchase price was secured in part by two separate mortgages which the DeYoes executed and delivered to Anne Kimball and the United States Farmers Home Administration.[1] Both mortgages were recorded in Crook County on May 30, 1975. It was shortly thereafter—November 7, 1975—when Anne Kimball died.

The district court subsequently vacated the original order on application of appellants by an order entered on July 12, 1976.[2] Following the court's action, another petition for a nunc pro tunc order was filed in September 1976, only this time the petitioners were appellees herein—Richard and Mary DeYoe and the Farmers Home Administration—joined later by Kathleen Hartnett, executrix of the estate of Anne Kimball. After notice was given to appel-

lants and a hearing was held thereon, the district court again issued a nunc pro tunc order on June 13, 1977, amending the 1949 decree. The court found that the judge, in entering the final decree of distribution, had intended to distribute the questioned property according to the terms of the last will of Frank W. Kimball, but that through mistake and inadvertence he had omitted the provisions of paragraph 5 thereof. The court then decreed that the final decree of distribution be amended to read as follows, the amendatory language being italicized:

"To Anne H. Kimball, the following described real property, to-wit:

\* \* \* \* \* \*

to be hers during the term of her natural life, with the right to receive all income from said real property during her lifetime, and upon her death to revert to Edward H. Kimball, son of the deceased, in fee simple; *provided that in the event Edward H. Kimball predeceases Anne H. Kimball, then said real property shall vest in Anne H. Kimball in fee simple.*"

█ The threshold question which arises herein is whether the action of the trial court was proper in its apparent determination that this was a clerical error which could be the subject of correction by virtue of an order nunc pro tunc since, if it was a judicial error, it would be beyond the jurisdiction of the court to correct. A careful examination of the cases involving this question reveals that in this area it is most confusing and impossible to reconcile the cases involving corrections of orders and distributions of estates. See, *Barrett v. MacDonald,* 264 Minn. 560, 121 N.W.2d 165, 170, and generally, *Holmes v. Holmes,* 66 Wyo. 317, 211 P.2d 946, 953. A clerical error is not dependent upon its sources but may be made by the judge of the court himself. This court previously has observed that "all errors, mistakes, or omissions

---

1. The mortgages given to Anne Kimball and the Farmers Home Administration secured the sums of $36,250.00 and $80,000 respectively.

2. Although we are not provided with sufficient guidance by the record as to the reasons for the court's action, appellants did assert in their

petition that they were not given proper notice prior to the court's correction of the final decree of distribution. There is no mention made in the court's order of vacation concerning the authority and power of that court to correct the final decree under the facts presented therein.

which are not the result of the exercise of the judicial function" may be called clerical errors while a judicial error is one which is "the deliberate result of judicial reasoning and determination," *Holmes v. Holmes,* supra. A clerical error has been defined as a mistake or omission that prevented the judgment as entered from accurately reflecting the judgment that was rendered, *Universal Underwriters Insurance Co. v. Ferguson,* Tex., 471 S.W.2d 28, 29; and mistakes of the court are not necessarily judicial error, *Holmes v. Holmes,* supra. Another criterion is that the mistake must be apparent upon the face of the record, *Trott v. Birmingham Ry., Light & Power Co.,* 144 Ala. 383, 39 So. 716, 717; *Castle v. Gleason,* 31 S.D. 590, 141 N.W. 516, 517.

■ Stripped of its nonessentials, the thrust of appellants' argument is that the conclusion expressed in the 1949 decree of distribution was the product of judicial reasoning, and even if it was incorrect, the decree has long since become final—in which case the will cannot now be relied upon to vary the conclusive provisions of that decree. It is ordinarily true, and this court has so held, that a decree of distribution, even though erroneous, becomes final and res judicata in the absence of an appeal or any other timely challenge to the settlement and distribution decreed thereby. *In re Estate of Stevenson,* Wyo., 445 P.2d 753, 756. However, the later and companion case of *Stevenson v. Hall,* Wyo., 473 P.2d 581, 583, acknowledged the existence of exceptions to this rule, stating that such decrees may be attacked, even in a collateral proceeding, in the case of fraud.

■ There is another exception which this court heretofore has not found necessary to consider, but is singularly applicable herein. When there is a clerical error apparent upon the face of an otherwise final decree which results in such decree being "uncertain, vague or ambiguous," it may be judicially interpreted, using the will to establish the true meaning and intent of the decree, *In re Goldberg's Estate,* 10 Cal.2d 709, 76 P.2d 508, 510–511; *In re Lockhart's Estate,* 21 Cal.App.2d 574, 69 P.2d 1001, 1003. We must caution, however, that if under the circumstances here present there is an ambiguity or uncertainty on the face of the decree which is a manifestation of judicial error, the district court had neither the authority nor power to enter an order nunc pro tunc amending such decree. Thus, our inquiry is to ascertain whether there is any question as to the true meaning of the decree, and, if so, whether such was the result of clerical error.

■ In this case, by its original decree, the district court ordered that the property be distributed "in accordance with the terms of the Last Will and Testament" of Frank W. Kimball, deceased, and by virtue of this made this said last will and testament a part of the decree as if set out in full, *In re Lockhart's Estate,* supra, *Shattuck v. Shattuck,* 67 Ariz. 122, 192 P.2d 229, 232. This decree, therefore, demonstrably contains a complete contradiction in its terms, which makes it lie well within the contemplation of the rule making it uncertain, vague and ambiguous. To remove this uncertainty and to clarify this ambiguity, it appears necessary that the nunc pro tunc order should include that which was omitted in the earlier decree to reflect the expressed intention of the court to distribute the property under the terms of the will. The fifth paragraph in said will cannot properly stand in face of the provision in said decree providing that the lands descend to her and "upon her death to revert to Edward H. Kimball, son of the deceased, in fee simple." There is a rule making it proper, if the decree refers to the will, that the will must be considered and the terms must govern, *Fraser v. Carman-Ryles,* 8 Cal.2d 143, 64 P.2d 397, 398; *Horton v. Winbigler,* 175 Cal. 149, 165 P. 423, 427; *In re Estate of Wallich,* 18 Utah 2d 240, 420 P.2d 40, 41–42; *Porter v. Wheeler,* 131 Wash. 482, 230 P. 640, 642; 34 C.J.S. Executors and Administrators § 529, p. 453.[3]

---

3. In the case of *State v. Underwood,* 54 Wyo. 1, 86 P.2d 707, this court recognized that rule, but

did not either approve or disapprove it because it was not necessary to the determination of

■ *In re Goldberg's Estate,* supra, presents a similar factual situation. In that case, the court in its order recited that the decree of distribution was "granted in accordance with the terms of the will" and directed preparation of a decree which provided for distribution "among persons entitled thereto." The decree, by mistake, distributed a portion of this estate to three children of the deceased and omitted one. In the face of a contention that the decree was final, the Supreme Court of California held that this was a clerical error and even after the lapse of thirty-five years was correctable. We consider this holding most persuasive because of the fact that our probate law is derived from that of California, and we have given the decisions of the courts of that state particular importance, at least when construing our probate statutes. See, e. g., *Wilson v. Martinez,* 76 Wyo. 196, 301 P.2d 785, 798, rehearing denied 307 P.2d 605; *In re Estate of Dixon,* 73 Wyo. 236, 278 P.2d 258, 263, 50 A.L.R.2d 1240.

■ To sustain their position that this is judicial error, as contrasted to clerical error, both in brief and argument appellants contend that this omission was a judicial interpretation of the will. No such request was presented to the district judge who entered the original decree. The petition for distribution merely prayed that the estate be distributed as by the will provided and did not request the interpretation of the will, and the decree certainly shows no such intention. There is no ambiguity observable nor any claimed ambiguity in this will. The provision of the fifth paragraph states in plain and unambiguous language what the testator intended thereby—that Edward H.

Kimball's remainder interest in fee simple was subject to complete divestment if he failed to survive his mother, Anne Kimball. As expressed by the court in *Dick v. King,* 73 Mont. 456, 236 P. 1093, 1095:

"* * * * 'Resort to interpretation is never to be had where the meaning is free from doubt; it is to be availed of only when, without its aid, the meaning or effect of the contract would be doubtful or uncertain.'" (Quoting from *Ming v. Pratt,* 22 Mont. 262, 56 P. 279, 280.)

■ Appellants further claim that because of the time limitations of §§ 1–325 and 1–333, W.S.1957, 1975 Cum.Supp. (now §§ 1–16–401 and 1–16–408, W.S.1977), the court had no power to enter a nunc pro tunc order. This deserves little discussion. We have previously held, in *Midwest Refining Co. v. George,* 44 Wyo. 25, 7 P.2d 213, 215, that there is equitable power without reference to the statutes to grant relief from accident or mistake.[4] The application of this power was recognized in a probate matter, *In re Pringle's Estate,* 51 Wyo. 352, 67 P.2d 204, 208, 110 A.L.R. 987.[5]

It is also argued that the district court did not properly take into account the rights of innocent third parties, and thereby abused its discretion in entering the order nunc pro tunc. In support thereof, we are cited to a text from 46 Am.Jur.2d, Judgments, § 224, p. 460, which generally supports the proposition that "corrective action will not be taken to prejudice or affect adversely the rights of innocent third persons." However, a reading of this text in full reveals certain exceptions existent therein.

---

the case. It does not seem illogical that this rule should be applied when we have, in construing wills, recognized the intention of the testator must govern, *Kortz v. American National Bank of Cheyenne, Wyo.,* 571 P.2d 985, 987, and cases cited; and it would be anomalous to hold otherwise.

4. In connection with this question a discussion by Justice Blume in *Holmes v. Holmes,* supra, 211 P.2d at 953, along with the authorities therein cited, is commended to the readers' attention as fully supportive of this view.

5. Although decided under Rule 60(a), W.R.C.P., and closely confined thereto, which rule is neither raised, discussed nor relied upon in this appeal, we do call attention to *Spomer v. Spomer,* Wyo., 580 P.2d 1146 (decided July 13, 1978). Although involving the rule, this case does contain much discussion applicable to several of the questions herein raised, but particularly as it would apply to the time limitation herein asserted by appellant.

■ No authority is cited that heirs are included in the definition of innocent third persons as contemplated by this rule. This rule generally applies to and protects those who contract without notice and in good faith and for valuable consideration, *Snodgrass v. Snodgrass,* 85 Ohio App. 285, 88 N.E.2d 616, 619; 1 Freeman on Judgments, § 138, p. 262 (1925); 49 C.J.S. Judgments § 264, p. 477. Heirs are not innocent third parties which will prevent the entry of a judgment nunc pro tunc, *Chester v. Graves,* 159 Ky. 244, 166 S.W. 998, 1001; *In re Kelley's Estate,* 210 Or. 226, 310 P.2d 328, 336; *Schornack v. Schornack,* 14 Wash.App. 271, 540 P.2d 474, 477.

■ We hold that the error in the original decree of distribution was a clerical one, and that such a mistake is readily apparent from an inspection of this record. Even though many years elapsed before any action was taken, there are no time parameters on the court's power and authority to correct errors of this nature.

Affirmed.