Kenneth Allen KANE, Appellant (Defendant),

v.

Donna J. KANE, Appellee (Plaintiff).

No. 5305.

Supreme Court of Wyoming.

Sept. 5, 1980.

See also, Wyo., 577 P.2d 172.

Frank C. Richter, Richter & Lerner, Billings, signed the brief and Alan J. Lerner, Billings, specially admitted for purposes of this case, appeared in oral argument on behalf of appellant.

Charles F. Moses, Moses Law Firm, Billings, signed the brief and appeared in oral argument on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

This appeal arises from a district court's order correcting the legal description contained in an earlier decree which divided

marital property. *Kane v. Kane*, Wyo. 1978, 577 P.2d 172. Appellant challenges that order on three bases. First, appellant contends that any error in the original decree was substantive error due to the neglect and mistake of appellee's counsel, and that the one–year time limit for correcting such error had run in this instance. Second, appellant argues that since the original case had come before us on appeal, the district court lacked jurisdiction to amend the decree. Finally, appellant asserts that under some kind of an estoppel theory appellee should be precluded from complaining about the legal description contained in the decree since she had already accepted a deed drafted in conformity with it.

We will affirm the district court's order.

On March 5, 1980, appellee moved pursuant to Rule 60(a), W.R.C.P., in the district court asking it to correct a clerical mistake in a March 11, 1977 decree adjudicating the parties' property rights in certain lands upon dissolution of their marriage. Rule 60(a) provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court."

Appellant opposed the motion on the grounds that whatever mistake had been made in the original decree was not a clerical one, but was in fact an error caused by neglect or mistake, and that such error may only be corrected under Rule 60(b), W.R.C.P., within one year of the decree. Rule 60(b) states:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. * * *"

Following a hearing on the matter, the trial judge entered an order dated March 27, 1980, granting appellee's motion and correcting the March 11, 1977, decree. This appeal arises from the order.

Recently, this court was called upon in *Matter of Estate of Kimball*, Wyo. 1978, 583 P.2d 1274, to determine whether a district court erred in correcting a 28–year–old decree under Rule 60(a), and it was said:

"* * * A clerical error has been defined as a mistake or omission that prevented the judgment as entered from accurately reflecting the judgment that was rendered. [Stated another way] the mistake must be apparent upon the face of the record * * *" (Bracketed matter added.) 583 P.2d at 1278.

The court in *Kimball* concluded:

"* * * that the error in the original decree of distribution was a clerical one, and that such a mistake is readily apparent from an inspection of this record. Even though many years elapsed before any action was taken, there are no time parameters on the court's power and authority to correct errors of this nature." 583 P.2d at 1280.

■ In the present case, the court announced that it was its intent to grant Mrs. Kane (appellee) one–half of the property in question. It then ordered Mrs. Kane's attorney to prepare a proposed decree. While

doing so, Mrs. Kane's counsel failed to include within the legal description all the land covered by the decree. It is apparent upon the face of the record that a mistake was made in drafting the decree. Thus, under the *Kimball* rule, the error was a clerical one and Rule 60(a) controls the manner in which any corrections may be made.

■ Rule 60(a) allows a court to make a correction at any time. Thus, the fact that three years had passed in this case between the original decree and the order amending that decree is insignificant.

■ On appeal, appellant, for the first time, raises the issue that the lower court lacked jurisdiction over this matter because the original decree came before us on appeal, and that our order in that case effectively bars the district court from altering the decree in any way.[1] We find no merit in this position. Rule 60(a) only requires that our leave be obtained while the appeal is pending. Since the appeal has since been decided and remanded back to the trial court, in this case there was no need for our leave to be given. Of course, if the correction made by the lower court were an attempt to circumvent our decision in *Kane v. Kane*, supra, then an entirely different issue would be present. It is improper to use Rule 60(a) as a means of tinkering with our orders. Here, that clearly is not the case; the district court is merely trying to make the decree reflect what was the intended decision.

■ Finally, the appellant alleges that the delivery of a deed by him to appellee in compliance with the original decree of the court and the acceptance of that decree by appellee precluded her from seeking a correction. Appellant's argument is an attempt to mix oranges and apples; we find

no merit in his position. Such an acceptance may very well estop the party from seeking a correction of the deed itself, but here the error was in the judgment underlying the deed. The correction ordered by the district court was in the judgment itself, not in the deed. The district court may order the appellant to issue a corrected deed.

Affirmed.

---

1. The original appeal concerned the district court's power to make disposition of Montana land. It was held that the district court had no jurisdiction over the land; and that, thus, could not directly affect legal title. However, because the court did have jurisdiction over the parties, it was recognized that the court's inherent power allowed it to order the parties to make the proper changes in the land's title and thus effectuate the court's determination as to the appropriate property settlement. The district court's decree was modified accordingly but there was no alteration in or reference to the legal description contained in the decree. *Kane v. Kane*, Wyo. 1978, 577 P.2d 172.