Bruce N. EDDY, Appellant (Defendant),

v.

FIRST WYOMING BANK, N.A.–LANDER, Lander, Wyoming, a United States Banking Corporation, Appellee (Plaintiff).

E.C. CATES, Appellant (Defendant),

v.

FIRST WYOMING BANK, N.A.–LANDER, Lander, Wyoming, a United States Banking Corporation, Appellee (Plaintiff).

Nos. 85–21, 85–22.

Supreme Court of Wyoming.

Jan. 27, 1986.

Dallas J. Laird, Casper, for appellant Eddy.

Sue Davidson, of Urbigkit, Whitehead, Zunker and Davidson, P.C., Cheyenne, for appellant Cates.

Richard D. Gist, Lander, for appellee.

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

ROSE, Justice.

In this case, appellants Cates and Eddy attack a judgment nunc pro tunc which decrees that they are jointly and severally liable to appellee bank for $207,110.55 as of May 23, 1983. The judgment nunc pro tunc was entered after a motion by the bank seeking to "amend, clarify and correct" nunc pro tunc a prior judgment, which motion was made well over one year

* Retired November 1, 1985.  ** Retired November 30, 1985.

after the original judgment had been rendered by the court. Appellants contend that the judgment nunc pro tunc was improper, and we agree that it must be set aside.

## FACTS

Appellee bank filed a complaint on January 28, 1982, seeking to recover from appellants, as guarantors or co-makers of a number of promissory notes. The bank and both appellants agreed to settle this suit by stipulation and confession of judgment. The stipulation and the judgment, prepared by the bank, provided that the appellants would be jointly and severally liable for $193,929.86 plus $13,180.69 in attorney's fees, a total of $207,110.55.

The bank and appellants signed the stipulation and confession of judgment on May 17, 1983, whereupon the judgment was signed by the district court on May 23, 1983, and entered upon the records of that court in March of 1984. In July, 1984, a conflict arose concerning the judgment when appellant Cates sought to settle what he thought was a balance of some $64,000 owing on the judgment, while the bank claimed that the balance due was approximately $184,000. The difference springs from whether payments made by appellants to the bank in the period from January 28, 1982, to May 23, 1983, had already been credited in the stipulation and judgment or whether those payments instead reduced the judgment from the original $207,110.55.

The conflict is attributable to the parties' interpretations of the judgment and the stipulation upon which the judgment was based. Appellants rely on the following language in the stipulation:

"That Plaintiff shall have judgment against the Defendants * * * jointly and severally, *as of 28 January, 1982* * * * in the amount of $207,110.55 together with interest thereon at the rate of 10% per annum from and after 28 January, 1982 * * *." (Emphasis added.)

This language supports their claim that they owed the bank $207,110.55 as of January 28, 1982, and thus any payments the bank received after that date should have reduced the balance owed.

The bank, on the other hand, claims that the judgment proclaimed that the appellants owed $207,110.55 as of May 23, 1983, the date of judgment. The bank supports this position by relying upon the language in the judgment, which was dated May 23, 1983, ordering that the bank have a judgment against Cates and Eddy in the sum of $207,110.55.

Because the bank wished to enforce the judgment and foreclose upon appellants' property, and yet avoid selling more of the property than was necessary to satisfy the debt owed, it moved to "amend, clarify and correct judgment nunc pro tunc." The trial court found that it had inherent and equitable power to consider the bank's motion, and that there was no clerical error in the original judgment. The court then granted the bank's motion and subsequently entered a judgment nunc pro tunc.

The original judgment provided in part " * * * that pursuant to the Stipulation and Confession of Judgment filed herein, Judgment should be entered against the Defendants and each of them, jointly and severally, for the sum of $207,110.55 together with interest thereon at the rate of 10% from and after 28 January, 1982 * * *."

The stipulation provided in part that " * * * Plaintiff shall have judgment against the Defendants * * * jointly and severally, *as of 28 January, 1982,* * * * in the amount of $207,110.55 together with interest thereon at the rate of 10% per annum from and after 28 January, 1982 * * *." (Emphasis added.)

In its judgment nunc pro tunc the court found:

"That the Court has inherent jurisdiction and equitable power to consider and rule upon Plaintiff's Motion to Amend, Clarify and Correct Judgment Nunc Pro Tunc without reference to statute or rule in

order, upon proper evidence, to grant relief from a clerical error.

\* \* \* \* \* \*

"The Judgment as rendered on May 23, 1983, does not contain any clerical error. "That by the language, meaning and effect of the Judgment as rendered herein on May 23, 1983, the Defendants, \* \* \* jointly and severally, owed to Plaintiff \* \* \* *on May 23, 1983*, the principal sum of $207,110.55 together with interest on said principal sum at the rate of 10% per annum calculated from and after January 28, 1982 \* \* \*." (Emphasis added.) The judgment nunc pro tunc completely failed to refer to the stipulation and confession of judgment, which was indisputably the basis for the original judgment and was referred to six times by that judgment. The judgment nunc pro tunc also consisted of only six double-spaced pages while the original judgment was six single-spaced pages, which indicates the considerable changes made.

The entry of the judgment nunc pro tunc was made after a conference telephone call and without an evidentiary hearing dealing with the parties' intent when they entered into the stipulation. The bank claims that the court merely clarified its original judgment to avoid uncertainty and vagueness in its interpretation and enforcement, and that the court has inherent power as well as power under Rule 60(a), W.R.C.P., to so

act.[1] Appellants contend that the motion by the bank sought to change material parts of the judgment, 17 months after the judgment and stipulation had been signed, and that the trial court did not have any power to change the judgment as it did.

Preliminarily, we must deal with appellants' contention that the bank's motion to clarify the judgment should have been dismissed for the reason that the bank failed to comply with Rule 5(d), W.R.C.P., since the motion was forwarded to the trial judge and the judge did not send it to the clerk for filing. Rule 5(e), W.R.C.P., which is identical to the federal rule, provides in part:

"The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall \* \* \* forthwith transmit them to the office of the clerk."

Here it is undisputed that the bank's motion was forwarded to the trial judge well before the hearing on the motion and that the appellants were informed of and prepared to contest the motion. 4 Wright & Miller, Federal Practice and Procedure, Civil § 1153 (1969), discusses Rule 5(e), F.R.C.P., and states:

---

1. Rule 60, W.R.C.P., provides in part:

"(a) *Clerical mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* —On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which

by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within one (1) year after the judgment, order, or proceeding was entered or taken. \* \* \*"

The motion to amend, clarify and correct was made well over one year after the judgment had been rendered, and there is no claim that the court could have acted under Rule 60(b), W.R. C.P.

"Accordingly, the decided cases seem to indicate that whether 'filing' has taken place may depend on the context in which the question arises and the good faith of the party who is obliged to file.

\* · \* \* \* \* \*

"It also should be noted that filing in this context is complete when the judge has custody of the papers; his failure to forward them forthwith will not prejudice the party attempting to comply with the filing requirement."

█ In the present case, appellants do not claim that the bank's actions harmed them. Appellants and their counsel were served with the bank's motion and notice of the hearing on the same. In this context, we hold that the required "filing" had taken place.

### ISSUES

Appellant Cates claims the issues to be:
"A. Did the District Court err in sustaining the Motion of Appellee to Amend, Clarify and Correct Judgment Nunc Pro Tunc by entering a Judgment Nunc Pro Tunc:

"1. By granting relief to appellee, herein designated 'Bank', from clerical error whether jurisdictionally premised on Rule 60, Wyoming Rules of Civil Procedure or by invoking a contended power of the Court as to inherent jurisdiction and equitable power to grant relief from clerical error, at a date more than one year after execution of the original Judgment;

"2. By entering the Judgment Nunc Pro Tunc although the Court specifically held in the amendatory judgment that the original judgment did not contain clerical error;

"3. By determining that the debt balance and payment credits accrued for May 23, 2983 [sic] and not January 28, 1982 as provided by the Stipulation;

"4. By refusing to grant the parties an opportunity to present evidence before entry."

Appellant Eddy states the issue as:

"A. Whether or not the Trial Court had authority to enter the Judgment Nunc Pro Tunc filed December 24, 1984?"

Appellee bank agreed with Eddy's statement of the issue but restated the issue in its case against Cates as:

"A. Did the District Court err in sustaining the Motion of Appellee to amend, clarify and correct Judgment Nunc Pro Tunc by entering a Judgment Nunc Pro Tunc:

"1. Pursuant to the Court's inherent and equitable powers as supplemented by Rule 60(a), Wyoming Rules of Civil Procedure, which clarified and affirmed the meaning and intent of the Court's original Judgment to avoid a claimed uncertainty, vagueness or ambiguity in calculating the amount of the Judgment indebtedness?

"2. That affirmed that the amount of the indebtedness stated in the Court's original Judgment was calculated and determined owed as of May 23, 1983, the date of the original Judgment?"

### CLERICAL ERROR

The bank contends that the court had both inherent power and power under Rule 60(a), W.R.C.P., to act as it did. Rule 60(a) provides in part that "clerical mistakes in judgments \* \* \* may be corrected by the court at any time." Therefore, it is necessary to determine whether the court below corrected a clerical mistake so that its action can be said to be within Rule 60(a).

The "error" in the original judgment in this case is that the judgment is ambiguous. Dated May 23, 1983, the judgment decreed that the bank have and recover a judgment in the sum of $207,110.55; yet the judgment also decreed that the matter had come before the court upon stipulation and confession of judgment and that judgment should be entered pursuant to the stipulation. The stipulation clearly stated that the bank "shall have judgment \* \* \* as of 28 January, 1982, \* \* \* in the amount of $207,110.55." Therefore, it is uncertain what the judgment intended.

In *Spomer v. Spomer*, Wyo., 580 P.2d 1146 (1978), this court held that Rule 60(a) is designed to clarify as well as correct, and that it can be used when it is uncertain what an earlier order intended. However, even though Rule 60(a) can be used to clarify an earlier order, it still is not intended to correct judicial, as opposed to clerical, error. Therefore, in order to clarify this judgment under Rule 60(a), the error which made the judgment unclear must have been clerical.

In *Spomer* this court set its primary focus on the scope of Rule 60(a) and stated:

"We think it clear that this rule was not designed as a substitute for appeal, *nor to affect substantive portions of a judgment or decree.* [Citation.] It is not intended to correct judicial, as opposed to clerical, error." (Emphasis added.) 580 P.2d at 1148–1149.

We went on to note that in distinguishing between clerical and judicial error, "[t]he key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function." Id. at 1149.

We dealt with the distinction between judicial and clerical error again in *In re Estate Kimball*, Wyo., 583 P.2d 1274 (1978). The threshold question in *Kimball* was whether the trial court was correct in its holding that there "was a clerical error which could be the subject of correction by virtue of an order nunc pro tunc since, if it was a judicial error, it would be beyond the jurisdiction of the court to correct." Id. at 1277. We stated:

" '[A]ll errors, mistakes, or omissions which are not the result of the exercise of the judicial function' may be called clerical errors while a judicial error is one which is 'the deliberate result of judicial reasoning and determination,' * * *." Id. at 1277–1278, quoting *Holmes v. Holmes*, 66 Wyo. 317, 211 P.2d 946, 953 (1949).

We have also said that the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of reasoning and determination. *Holmes v. Holmes*, supra. In *Kane v. Kane*, Wyo., 616 P.2d 780 (1980), this court held that a clerical error occurred when counsel for the successful party prepared a judgment which failed to include a complete description of the property which was to be awarded his client. In the case at bar, counsel for the bank prepared a judgment which fails to unambiguously state the date from which the bank would have judgment.

The original judgment signed by the judge of the trial court was not the result of a judicial determination made after a trial. It was the result of an agreement of the two parties and, as stated by appellant Cates:

"The Court * * * had no opportunity to apply judicial reasoning or make a judicial determination * * *. The Court was asked to and did approve and sign * * * the Stipulation and Confession of Judgment and Judgment * * *."

We repeat that:

" '[A]ll errors, mistakes, or omissions which are not the result of the exercise of the judicial function' may be called clerical errors while a judicial error is one which is 'the deliberate result of judicial reasoning and determination,' * * *." *In re Estate of Kimball*, supra, 583 P.2d at 1277–1278.

The judge himself stated that he had only signed the original judgment based on the stipulation and confession of judgment which was presented to him by the parties. The mistake was made by counsel in drafting the judgment so that appellants were liable on the judgment from both January 28, 1982, and from May 23, 1983. Such a mistake was not the deliberate result of judicial reasoning and determination. It was, instead, a clerical error.

■ Although the trial court found that there was no "clerical error," such a finding is not conclusive. We have before reviewed the actions of courts in amending judgments which were asserted to contain clerical error, to determine whether there was a clerical error or whether the claimed

error was instead judicial error. See *In re Estate of Kimball*, supra, 583 P.2d 1274; *Spomer v. Spomer*, supra, 580 P.2d 1146. Applying the test developed in those cases, we believe that there was clerical error in the drafting of the original judgment.

## JUDGMENT NUNC PRO TUNC

We hold that the court could have clarified the judgment. We do not believe, however, that the action taken by the court clarified the original judgment; instead the judgment nunc pro tunc altered the original judgment so that it no longer was based upon the stipulation of the parties.

In many cases "clerical error" is easily remedied. The trial court in *In re Estate of Kimball*, supra, 583 P.2d 1274, had corrected a decree, rendered some 28 years previous, when it was clear that the decree was based upon a will but failed to include a pertinent provision of the will. We held such action valid. Likewise, in *Midwest Refining Co. v. George*, 44 Wyo. 25, 7 P.2d 213 (1932), we held that the court could correct an earlier judgment, which was rendered pursuant to a stipulation of the parties, when the judgment was not in accordance with the stipulation. In these cases the clerical error was easily remedied because the judgments clearly deviated from the instruments upon which they were intended to be based.

In the case at bar, the judgment does not so clearly deviate from the stipulation. Appellants Cates and Eddy, by affidavit, stated that they agreed to have judgment entered against them for $207,110.55 as of January 28, 1982, and that they believed the stipulation so stated. The bank, on the other hand, contends that appellants' interpretation gives them a double recovery since the payments received by the bank after January 28, 1982, were already credited and that the bank agreed to accept a judgment of $207,110.55 from May 23, 1983. Because of this dispute, the trial judge could not easily clarify the judgment so that it conformed to the underlying stipulation. Unlike Kimball and Midwest, this was not a situation in which there was an unambiguous document upon which the judgment was intended to be based, but from which the judgment clearly deviated. In fact the court, in its judgment nunc pro tunc, completely ignores the stipulation upon which the original judgment was based, thus changing, as opposed to clarifying, the original judgment.

The bank contends that the motion "did not involve the meaning and effect of the language of the Stipulation and Confession of Judgment nor the intent of either of the Appellants or their counsel." We cannot agree. The original judgment could only be clarified if its meaning was understood, and because it was clearly based upon the stipulation, it was absolutely necessary to examine the agreement contained in the stipulation in order to determine what was intended by the original judgment. The bank's successful position is further indication that the judgment nunc pro tunc completely changed the original judgment.

The nunc pro tunc is limited to cases where it is necessary to make the judgment speak the truth, and cannot be used to change the judgment. *Arnold v. State*, 76 Wyo. 445, 306 P.2d 368, 374 (1957). In its judgment nunc pro tunc the court, in this case, under the guise of clarification, altered the judgment when it failed to enter a judgment based upon the stipulation of the parties.

The actions taken in the case of *Vigil v. Vigil*, 118 Mich.App. 194, 324 N.W.2d 571 (1982), are instructive here. In that case, the trial court refused to allow defendant to present evidence of the parties' intent as to the meaning of an ambiguous term in a judgment which was based upon a settlement reached by the parties. The court recognized that in interpreting a judgment, the trial court will often need only look to its own findings of fact and conclusions of law to resolve an ambiguity. The court then stated that this familiarity rule only extends, however, to judgments resulting from the trial court's own decisions, and when the judgment is drafted by the plaintiff's counsel and not the trial court, resolution of the ambiguity in the judgment can

only be had by reference to additional proofs. The case was remanded to allow the parties to present evidence as to the ambiguous term. The present case is very similar to Vigil in that a judgment which was ambiguous was entered pursuant to an agreement of the parties. In order to clarify the judgment, without altering the original intent that it conform to the agreement of the parties, it was necessary for the court to receive additional evidence of the parties' intent when they entered into the stipulation. The court failed to take such additional evidence in entering its judgment nunc pro tunc and this failure resulted in the complete change of the original judgment rather than a clarification of the same.

■ The original judgment failed to reflect the exact date from which Cates and Eddy were liable to the bank for $207,110.55. This mistake was a clerical error, as opposed to the deliberate result of judicial reasoning and determination, and was therefore subject to clarification under Rule 60(a). The actions of the court in rendering the judgment nunc pro tunc, however, did not clarify the original judgment which was entered pursuant to the stipulation, but rather altered the original judgment from what was intended. In order for the original judgment to be clarified, evidence of the parties' intent when they entered into the stipulation must be taken.

The judgment nunc pro tunc is set aside and the case remanded for further action which is not inconsistent with this opinion.

ROONEY, Justice, concurring in part and dissenting in part, with whom BROWN, Justice, joins.

I agree that there was a clerical error in the original judgment. I do not agree that there was any ambiguity in it. If there is ambiguity with the resulting necessity to determine intent, the error would not be clerical. To this extent, the majority opinion is inconsistent. I would reverse and correct the clerical error in the original judgment by inserting the words "as of

January 28, 1982" after the figures "$207,110.55"—all without the need for remand.

There is no ambiguity in the original judgment. It was rendered upon a stipulation and confession of judgment. There was no hearing. Evidence was not presented. To go backward, have a hearing, and receive evidence concerning the plain and unambiguous language of the stipulation and confession of the judgment upon which the original judgment was predicated would be improper.

Our concern here should not be with any possible ambiguity in the original judgment. It was based entirely on the stipulation and confession of judgment. We need only to look to the stipulation and confession of judgment to analyze and understand the original judgment. Evidence might be necessary to determine intent if there were ambiguity *in the stipulation and confession of judgment.* The original judgment itself was not ambiguous. It simply contained a clerical mistake. The majority opinion acknowledges that the language of the stipulation "supports their [appellants'] claim that they owed the bank $207,110.55 as of January 28, 1982." Then, later, the opinion considers affidavits filed by the bank reflecting an intent contrary to the plain language of the stipulation. Still later, the opinion switches to a consideration of ambiguity in the original judgment and concludes that "[i]n order for the original judgment to be clarified, evidence of the parties' intent *when they entered into the stipulation* must be taken." (Emphasis added.) And the stipulation is recognized as not being ambiguous.

The original judgment plainly says that it is entered against the defendants "pursuant to the Stipulation and Confession of Judgment filed herein." It then sets forth the amount of the judgment, but *mistakenly* omits the stipulated language "as of 28 January, 1982."

This is a simple matter of a clerical mistake in the original judgment "arising from oversight or omission" which "may be corrected by the court at any time" pursuant

to Rule 60(a), W.R.C.P., which provides in pertinent part:

"Clerical mistakes in judgments * * * arising from oversight or omission may be corrected by the court at any time * * *."

I would reverse and direct that if the original judgment was not sufficiently clear through its recitation that it was pursuant to the stipulation and confession of judgment in setting the stipulated obligation to be $207,110.55 as of January 28, 1982, the omission of that date was a clerical error and the judgment be corrected accordingly.