Vyrna G. PAVLICA, Appellant
(Plaintiff below),

v.

Alex J. PAVLICA, Appellee
(Defendant below).

No. 4947.

Supreme Court of Wyoming.

Dec. 13, 1978.

Roberta A. Roberts and Ronald P. Arnold of Legal Services for Laramie County, Inc., Cheyenne, for appellant.

Vincent A. Ross, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

The district court, in this case, entered its order modifying the divorce decree which had been earlier entered by striking a paragraph thereof which affected an agreed property settlement. Appellant asserts this was error and we must agree.

The original suit herein was filed March 23, 1976, and on January 14, 1977, the parties entered into a "Stipulation and Property Settlement Agreement," which was filed, and in the decree entered thereafter the court "confirmed and approved" the agreement and made it a part of the decree. Additionally, there was set out in this decree and denominated as Paragraph E thereof an almost substantially identical provision to a similar paragraph in the property settlement, which is as follows:

"That in addition to the above named property, as property settlement, the Plaintiff shall have the sum of $100,-000.00 payable as follows: The lump sum of $50,000.00 payable to the Plaintiff herein on or before the 15th day of February, 1977, and the balance of that said $100,000.00 payable at the rate of $5,000.00 per year at the interest rate of five percent (5%) on the unpaid balance with the first payment beginning on or before the 15th day of January, 1978, and a like payment on or before the 15th day of each January thereafter until said balance of said $100,000.00 has been paid and all payments to be made to the Clerk of the Court and to be made regardless of death or remarriage of the Plaintiff. All payments to be made to the Clerk of the Court in cash, certified check or money order."

The trial court based this modification upon a material change in circumstances since the date of the entry into the contract and the decree. Although it is not material to this decision, it is clear that there had been a considerable change in the financial position of the appellee which would appear to make his compliance with this condition either difficult or impossible.

Our statutes do grant power to the trial court to revise a divorce decree in two areas, which are: the "care, custody and maintenance of the children"[1] and for a revision of alimony or other allowances for a party or the children.[2] These statutes are in no manner applicable in this case because there are no minor children, and because the portion of the decree which the court sought to modify is a property settlement and not alimony, nor does appellee question this.

There is a widely recognized rule that the trial court does not have power to modify a decree insofar as it contains an agreed property settlement or if it is in the nature of a property settlement. For cases illustrating this rule, see *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704, 707; *Salomon v. Salomon*, Fla., 196 So.2d 111, 112; *Kerr v. Kerr*, Minn., 243 N.W.2d 313, 314; see also, 24 Am.Jur.2d, Divorce and Separation, § 821, p. 933; 27B C.J.S. Divorce § 300(4), p. 385. These cases do not recognize any exception based upon the changed financial condition of the parties.

We have most persuasive Wyoming authority for the disposal hereof. In *Moore v. Moore*, 33 Wyo. 230, 237 P. 235, this court earlier recognized that under § 5006, C.S. 1920, a precursor of § 20–2–116, W.S.1977, that if payments were to be made in lieu of a division of the property, a decree should not be modified. In *Strahan v. Strahan*, Wyo., 400 P.2d 542, 545–546, this court made the following observation:

---

1. Section 20–2–113, W.S.1977.

2. Section 20–2–116, W.S.1977.

"To say that the court has a continuing jurisdiction and a responsibility to revise its provisions for the custody of children, according to their best interest and welfare, is not to say the court retains the same kind of continuing jurisdiction with respect to the civil rights of the parents, as between each other."

The final answer rests in *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244, 1248–49, when this court said:

" * * * We cannot interpret our statute authorizing the court to alter a decree for alimony or allowance for children as permitting it to interfere with or modify what has become a money judgment. Just because the final judgment for a fixed sum of money grows out of a divorce action does not continue the power of the court granting the divorce * * to extend the time for payment thereof or otherwise modify the same. When the final judgment is entered the discretionary powers of the courts are exhausted."

Although it involved an agreement directed at alimony payments, and not a property settlement, the case of *Rinehart v. Rinehart*, 52 Wyo. 363, 75 P.2d 390, has persuasive value in its holding that a husband and wife may not only enter such a contract but that it is favored in the law and should be enforced if legally possible. If we were to hold that the trial court has such power to modify a decree of this kind and to ignore the solemn agreement of the parties, it would deny its favored status, and more importantly perhaps make such agreement an exercise in futility, which the parties should avoid.

Because the trial court had no power to modify this judgment in this particular, the order dated December 20, 1977, is vacated insofar as it attempts to vacate or hold for naught Paragraph E of its original judgment.