Michael ELSASSER, Appellant
(Defendant),

v.

Kathy A. ELSASSER, n/k/a Kathy A. Bricher, Appellee (Plaintiff).

No. 99–12.

Supreme Court of Wyoming.

Oct. 28, 1999.

Representing Appellant: Ronald G. Pretty, Cheyenne, WY.

Representing Appellee: Daniel G. Blythe of Blythe & Steiner, P.C., Cheyenne, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

At issue in this case is whether the trial court had the authority to issue a Decree of Divorce Nunc Pro Tunc which added a provision to the original decree regarding the calculation of Kathy Elsasser's (Wife's) share of Michael Elsasser's (Husband's) retirement benefits. We find that the district court's order was a proper clarification of the earlier decree and affirm.

### ISSUE

The parties present a single issue for review:

Did the trial court have the authority to amend the Decree of Divorce?

### FACTS

After a marriage of 28 years, the parties divorced on June 24, 1994. Incorporated into the divorce decree was the property settlement reached by the parties earlier that year. The settlement agreement addressed the division of Husband's railroad retirement benefits as follows:

8. That the parties stipulate and agree that they were married on the 21st day of September 1965 and that Husband has been employed by Union Pacific Railroad since July 27, 1965 and has a retirement and profit sharing plan with Union Pacific Railroad. The parties further stipulate and agree that the Wife is entitled to one-half of the Tier Two portion of the retirement and profit sharing plan which was accumulated during the marriage, as is further set forth in the Decree of Divorce herein but only when he retires from the railroad. That the Wife shall be entitled to one-half of the Tier Two portion of the retirement plan.

The Decree of Divorce provided:

6. That the Union Pacific Railroad Retirement shall be divided between the parties as follows:

a. That the Court finds that the parties have been married for over twenty-eight (28) years during which time the Defendant has been employed by the Union Pacific Railroad.

b. That the Court has further found that the Defendant has invested certain marital funds in his retirement and profit sharing plans with the Union Pacific Railroad and that Plaintiff should share equitably in said monies.

c. That the Plaintiff shall share in the Tier II portion of the Union Pacific Railroad Retirement and Profit Sharing Plan which was accumulated during the marriage but only when the Defendant retires from the railroad and to whatever maximum extent allowable by law.

Following the divorce, both parties remarried. Eventually, a dispute arose as to whether Wife's property right in the retirement benefits superseded any rights of Husband's current spouse. On September 24, 1998, Wife filed a Motion for Entry of a Qualified Domestic Relations Order to facilitate the divorce provisions relating to the retirement benefits. When Husband objected, Wife filed a Motion for Entry of Decree of Divorce Nunc Pro Tunc seeking additional language addressing the division of the retirement and pension plan benefits. The district court granted the motion and amended the decree to state:

6. That the Union Pacific Railroad Retirement shall be divided between the parties as follows:

a. That the Court finds that the parties have been married for over twenty-eight (28) years during which time the Defendant has been employed by the Union Pacific Railroad.

b. That the Court has further found that the Defendant has vested [sic] certain marital funds in his retirement and profit sharing plans with the Union Pacific Railroad and that Plaintiff should share equitably in said monies.

c. That the Plaintiff shall share in the Tier II portion of the Union Pacific Railroad Retirement and Profit Sharing Plan which was accumulated during the marriage but only when the Defendant retires from the railroad and to whatever maximum extent allowable by law.

d. Specifically, Kathy Elsasser, n/k/a/ Kathy Bricher is awarded, and the Railroad Retirement Board is directed to pay an interest in the portion of Michael Elsasser's benefits under the Railroad Retirement Act (45 U.S.C. § 231[m]) ... Kathy Bricher's share shall be completed by multiplying the divisible portion of Michael Elsasser's monthly benefit by a fraction the numerator of which is the amount of years Michael Elsasser worked for a railroad employer during the period of the marriage ... and the denominator of which shall be Michael Elsasser's total number of years employed by a railroad employer at retirement, and then dividing the product by two.

This timely appeal followed.

## STANDARD OF REVIEW

■■■ Husband maintains the district court's action exceeded its authority to amend the original Decree of Divorce found in W.R.C.P. 60(a), which provides:

(a) *Clerical mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

"[T]he central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent." *Spomer v. Spomer*, 580 P.2d 1146, 1149 (Wyo.1978); *Eddy v. First Wyoming Bank N.A.-Lander*, 713 P.2d 228, 233–34 (Wyo.1986); *Johnson v. Johnson*, 851 P.2d 4, 9 (Wyo.1993). The rule is remedial and is to be liberally construed. *Spomer*, 580 P.2d at 1149. However, the nunc pro tunc is limited to cases where it is necessary to make the judgment speak the truth and cannot be used to change the judgment. *Id.* at 1148; *Eddy*, 713 P.2d at 234; *Arnold v. State*, 76 Wyo. 445, 306 P.2d 368, 374 (1957). Therefore, our review of the district court's

application of W.R.C.P. 60(a) is a two-part process. First, we must determine whether the correction or clarification of a judgment relates to a "clerical error." If so, we review the trial court's order to ascertain whether it altered or modified the original judgment. *See Johnson*, 851 P.2d at 9.

## DISCUSSION

■■■ W.R.C.P. 60(a) is intended to correct clerical, not judicial, errors. *Spomer*, 580 P.2d at 1148–49. A clerical error is a mistake or omission of a mechanical nature apparent on the face of the record that prevents the judgment as entered from accurately reflecting the judgment that was rendered. *Johnson*, 851 P.2d at 9; *Spomer*, 580 P.2d at 1149; *Matter of Estate of Kimball*, 583 P.2d 1274, 1278 (Wyo.1978). In addition, W.R.C.P. 60(a) is designed to clarify, as well as to correct, and is properly invoked to dispel either patent or latent ambiguities in a judgment. *Id.*

■■■ Husband contends that there was no ambiguity in the original decree, and, therefore, the additional language effecting a qualified domestic relations order [1] impermissibly modified a property settlement provision of the original divorce decree in violation of long-standing Wyoming precedent. *See*, e.g., *Pavlica v. Pavlica*, 587 P.2d 639 (Wyo.1978). We disagree.

■■■ The circumstances which initiated Wife's request for the nunc pro tunc order are very similar to the facts in *Johnson*, *supra*. As in *Johnson*, Wife realized that the divorce decree provisions relating to the retirement plan "were insufficient in several respects to meet federal statutory requirements for a qualified domestic relations order." 851 P.2d at 6. Also similar to *Johnson*, Husband objected because he had remarried and believed Wife's share of the benefits was subject to his current wife's entitlement to a survivor annuitant benefit under the plan.

In *Johnson*, we noted that in past domestic relations decisions, this Court has recognized that "retirement funds, whether vested, non-

---

1. A qualified domestic relations order creates or recognizes the right of an alternative payee to receive all or a portion of a participant's benefits under a qualified employee plan. *See* 26 U.S.C.A. § 414(p) (West Supp.1999) and 29 U.S.C.A. § 1056(d) (West 1999).

vested, or not matured, are marital property divisible upon divorce." 851 P.2d at 7 (quoting *Broadhead v. Broadhead,* 737 P.2d 731, 734 (Wyo.1987)); *see also Ebeling v. Ebeling,* 782 P.2d 584 (Wyo.1989). We reiterated the elementary principal that "[t]he trial court does not have power to modify a decree * * * if it is in the nature of a property settlement." *Id. (quoting Pavlica,* 587 P.2d at 640). However, we did not question that a divorce decree could be clarified by the addition of a qualified domestic relations order. Instead, we found that the trial court erred by failing to amend the order in compliance with its original intent.

That is not the case here. The amended order directly facilitates the intent expressed in the stipulation and in the original decree. *Johnson,* 851 P.2d at 8. While stating that the initial decree contained no ambiguity, Husband argues that the amended decree " 'vests' a right immediately in the [Husband's] retirement while the situation as agreed to by the parties and as reflected in the original Decree of Divorce only vests a right *to the [Husband's] funds* upon his retirement." (emphasis added). Husband further argues that the remittance of Wife's share upon his retirement may be a form of alimony, arguably subject to tax liability for Wife. Husband's erroneous construction of the divorce provisions clearly underscores the appropriateness of the trial court's decision to clarify its original ruling.

The parties' property settlement clearly stated that Wife was to receive half of the Tier Two benefits earned during the marriage when Husband retires. The original decree added the finding that funds invested in the retirement plan were *marital* funds and that Wife's share was to be distributed upon Husband's retirement *to whatever maximum extent allowable by law.* Husband did not appeal this order. The clerical error in this case is the trial court's omission of the specific language which allows Wife to receive the maximum extent allowable by federal law. This omission was corrected by the language amending the original decree.

Furthermore, the amending language did not change the provisions of the original property settlement in the divorce decree.

Wife's share is limited to one-half of the retirement benefits which accumulated during the marriage. There is nothing in the original order which allows Husband to "voluntarily" distribute half of the benefits in the form of alimony. Thus, we find the district court properly invoked the authority provided by W.R.C.P. 60(a) in issuing the Divorce Decree Nunc Pro Tunc.

## CONCLUSION

The Divorce Decree Nunc Pro Tunc was a proper clarification of the original property settlement provisions within the original decree. Affirmed.