2005 WY 143

**Carl GLOVER, Appellant (Plaintiff),**

**v.**

**Karen CRAYK, f/k/a Karen Glover, Appellee (Defendant).**

**No. 04–174.**

Supreme Court of Wyoming.

Nov. 17, 2005.

---

1.  See also *Hodges v. Lewis & Lewis, Inc.,* 2005 WY 134, 121 P.3d 138 (Wyo.2005).

Representing Appellant: Donald A. Cole, Cheyenne, Wyoming.

Representing Appellee: John J. Metzke and Billie LM Addleman of Hirst & Applegate, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant, Carl Glover, seeks review of the district court's order purportedly clarifying the original decree of divorce regarding the benefits due Appellee, Karen Crayk, formerly known as Karen Glover, from Glover's military pension. We find that the district court erred in entering this order and reverse.

## ISSUE

[¶ 2] Glover presents the following issue for our review:

Did the district court err in modifying the formula for determining the Appellee's proportionate share of Appellant's military pension as set forth in the property settlement agreement and divorce decree?

Crayk states the issue as follows:

Did the [d]istrict [c]ourt abuse its discretion in clarifying the Divorce Decree to create an "order" within the meaning of the Uniformed Services Former Spouse Protection Act so that Appellee Crayk could receive her rightful portion of the Appellant's military pension?

## FACTS

[¶ 3] The parties were married on March 16, 1979, and were divorced on February 10, 1997. A Property and Child Custody Agreement executed between the parties and the subsequent Decree of Divorce awarded Crayk one-half of the sum that accrued in Glover's military retirement fund during the first seventeen years of his military career.

[¶ 4] Apparently, the military was unable to divide Glover's pension upon his retirement without further guidance from the district court. On September 4, 2003, Crayk filed a motion to amend and/or modify the provision of the divorce decree relating to the retirement benefits on the ground that the decree "did not constitute a[sic] 'Order' within the meaning of the Uniformed Services Former Spouse Protection Act." Crayk requested that the provision be modified in accordance with the following "time rule" formula to provide a fair and equitable division of the marital property:

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED, that [Crayk] is awarded 33.59621% of [Glover's] disposa-

ble military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 213 months of marriage during [Glover's] creditable military service, divided by [Glover's] total number of months of creditable military service, which is 317.

Glover opposed the motion.

[¶ 5] Following a hearing [1] and consideration of additional exhibits submitted by Glover,[2] the district court issued a decision letter adopting Crayk's proposed formula for dividing Glover's retirement benefits. Glover asked the district court to reconsider its decision because it "gives [Crayk] a portion of [his] promotions and longevity increases after seventeen year [sic] of service and after the divorce." The district court declined to do so and entered an order granting Crayk's motion. The order provided:

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Defendant, Karen Crayk, formerly known as Karen Glover, is awarded 33.59621% of the Plaintiff Carl Glover's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is two hundred thirteen (213), representing the number of months the parties were married during the Plaintiff Carl Glover's creditable military service and the denominator of which is three hundred seventeen (317), representing Plaintiff Carl Glover's total months of creditable military service.

This appeal followed.

## DISCUSSION

[¶ 6] At the outset, it must be noted that the record before this Court is ambiguous as to the exact nature of the proceedings below. Neither the parties nor the district court specify under what authority Crayk's motion was brought or granted. Crayk's motion was styled a "Motion to Amend and/or Modify Decree of Divorce." Such a motion, however, could not be entertained by

1. The record on appeal does not contain a transcript of the hearing.

2. The exhibits included a recommendation for division of his military pension, a copy of a handout for dividing military retired pay under

the district court because, once their divorce became final, the district court no longer had the authority to modify the property division provided by the divorce decree. *Elsasser v. Elsasser*, 989 P.2d 106, 109 (Wyo.1999).

[¶ 7] The district court, however, retained the authority to clarify an ambiguous property settlement provision provided in the original decree in order to effectuate the provision. *Elsasser*, 989 P.2d at 108–09; *see also Kelly v. Kelly*, 2003 WY 133, 78 P.3d 220 (Wyo.2003). In her motion, Crayk stated that the original divorce decree had to be modified because it "did not constitute a[sic] 'Order' within the meaning of the Uniformed Services Former Spouse Protection Act." Presumably, the original decree was ambiguous as to how Crayk's one-half share of Glover's retirement benefits was to be calculated, thus preventing distribution of the benefits to Crayk. Based upon this underlying ambiguity, the divorce decree obviously needed to be clarified.

[¶ 8] This Court has previously held that the appropriate manner to handle such a clarification is by way of a W.R.C.P. 60(a) motion to correct a clerical mistake. *Elsasser*, 989 P.2d at 108 (stating that "W.R.C.P 60(a) is designed to clarify, as well as to correct, and is properly invoked to dispel either patent or latent ambiguities in a judgment"); *Spomer v. Spomer*, 580 P.2d 1146, 1149 (Wyo.1978). Pursuant to W.R.C.P. 60(a), a court may correct a clerical mistake "at any time of its own initiative." Because of the patent ambiguity in the divorce decree, the district court would have been well within its discretion to *sua sponte* invoke Rule 60(a). It appears from our review of the record and the order on appeal that the district court approached the proceedings as a request for clarification of an ambiguous divorce decree, thereby implicitly invoking Rule 60(a). We will therefore treat this as a Rule 60(a) proceeding.

the Uniformed Services Former Spouses' Protection Act prepared by the Defense Finance and Accounting Service, and the amount of Glover's base pay at the time of divorce.

[¶ 9] When reviewing a district court's application of Rule 60(a), this Court employs a two-part process. The first question we must answer is whether the correction or clarification of a judgment relates to a "clerical mistake." If so, we then review the district court's order to ascertain whether it clarified or modified the original judgment. *Elsasser,* 989 P.2d at 108; *see also Johnson v. Johnson,* 851 P.2d 4, 8 (Wyo.1993) (Taylor, J., dissenting). Both questions are questions of law, which we review *de novo. Brockway v. Brockway,* 921 P.2d 1104, 1106 (Wyo.1996); *see also Johnson,* 851 P.2d at 7–8.

[¶ 10] Having already determined that the proceeding properly related to clarifying a clerical mistake, we turn to our review of the district court's order. We must compare the language of the original divorce decree to the district court's order to determine whether the court correctly clarified the decree. "[T]he central purpose of Rule 60(a) is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent." *Spomer,* 580 P.2d at 1149. This Court applies the same rule when construing a court order as used in construing a contract. *Brockway,* 921 P.2d at 1106. The interpretation and construction of a contract is a matter of law for the Court. The language of a contract is to be construed within the context in which it was written, and this Court may look to the surrounding circumstances, the subject matter, and the purpose of the instrument to ascertain the intent of the parties at the time it was made. *Wadi Petroleum, Inc. v. Ultra Resources, Inc.,* 2003 WY 41, ¶ 11, 65 P.3d 703, 708 (Wyo.2003).

[¶ 11] The divorce decree provided for the division of Glover's military retirement benefits. The ambiguity in the decree is the absence of a formula to be applied in calculating the amount Crayk is entitled to from Glover's retirement benefits. The district court accepted Crayk's argument that her one-half should be calculated pursuant to the "time rule." The "time rule" is computed by multiplying 50% times a fraction, the numerator of which is the number of months of marriage during Glover's creditable military service and the denominator of which is the total number of months of Glover's creditable military service. The result is the percentage of Glover's disposable retired pay to which Crayk is entitled. *See In re Marriage of Hunt,* 909 P.2d 525, 530–32 (Colo. 1995). This allows Crayk to realize a benefit from promotions and pay increases Glover may have received following the divorce up until the time of his retirement.

[¶ 12] Glover argues that the language of the divorce decree does not support Crayk's formula. The language of the divorce decree states that Crayk's entitlement is limited to "one-half (1/2) of the sum that **accrued** in [Glover's] retirement fund during the **first** seventeen (17) years of [Glover's] military career." (Emphasis added.) Glover argues that this language prohibits Crayk from benefiting from any income increases he received after the seventeen years. We agree.

[¶ 13] Crayk's formula is inconsistent with the language of the divorce decree. Crayk's formula awards her the benefit of any income increases Glover received after the first seventeen years of his military career. Crayk supports this formula by simply stating that it is fair and equitable. The validity, let alone the "equity," of Crayk's formula is not the issue. The real issue is the intent of the divorce decree. Nowhere does Crayk present her formula within the context of the language of the decree. Upon review, we find *no indication that the divorce decree anticipated Glover's retirement calculation to be based upon sums yet to be accrued. Instead, the divorce decree speaks of sums already accrued. Indeed, the decree expressly defines the time frame for accrual as the first seventeen years of Glover's military service. Under these circumstances, we hold that the district court erred in adopting Crayk's formula.

## CONCLUSION

[¶ 14] This Court concludes that the divorce decree does not provide for Crayk to benefit from any promotions and pay increases Glover received after seventeen years of military service. The order of the district court is reversed, and this matter is remand-

ed to the district court for further proceedings consistent with this opinion.