# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 121

APRIL TERM, A.D. 2013

October 2, 2013

JESSICA L. TAFOYA,

Appellant
(Defendant),

v.                                                              S-13-0011

PAUL W. TAFOYA,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
The Honorable Edward L. Grant, Judge, Retired

*Representing Appellant:*
    Zenith S. Ward and Curtis B. Buchhammer, Buchhammer & Kehl, P.C., Cheyenne, Wyoming.

*Representing Appellee:*
    Donna D. Domonkos, Cheyenne, Wyoming.

*Before KITE, C.J., and HILL, VOIGT, BURKE, JJ., and DAY, DJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**DAY, District Judge.**

[¶1]   Jessica L. Tafoya (Mother) and Paul W. Tafoya (Father) divorced in 2012.  In the divorce decree, the trial court awarded Father (living in Wyoming) primary custody of the parties' child with liberal visitation to Mother (living in New Mexico).  Upon Father's motion, the reviewing district court[1] later entered an order clarifying the decree regarding who was obligated for transportation costs relative to visitation.  Mother appeals from that order, claiming the order improperly modified or otherwise improperly clarified the divorce decree.  Father maintains that the order did not amount to a modification and that the order correctly clarified the decree.  We affirm.

## ISSUE

[¶2]   The dispositive issue in this appeal is whether the district court properly clarified the decree pursuant to W.R.C.P. 60(a).

## FACTS

[¶3]   The parties married in 2005 and divorced in 2012.  By the time of the divorce trial, Mother had moved to Albuquerque, New Mexico. Father was living in Cheyenne, Wyoming.  The parties have one minor child who was five years old at the time the divorce decree was entered.  In the divorce decree, the trial court granted the parties joint legal custody of their child, with Father having primary residential custody, and with Mother "receiving liberal visitation, also known as parenting time, and at a minimum no less than the Court's Standard Visitation Order." The Standard Visitation Order was attached and incorporated into the decree.

[¶4]   The Standard Visitation Order distinguishes between how transportation costs for visitation are assessed depending upon whether the visitation is for summer and holidays or for weekends.  The decree provision dealing with transportation costs does not make that distinction.  In short, the Standard Visitation Order requires the parents to split costs equally for summer/holiday visitation, but requires the visiting parent to bear the costs of weekend visitation; the decree merely states the parties are to share transportation costs for visitation, making no distinction between summer/holiday visitation and weekend visitation.[2]

_____

[1] "Trial court" will refer to the district court judge who originally heard the divorce trial and entered the Decree of Divorce.  "District court" will refer to the subsequent district court judge who issued the Order Granting Motion to Clarify or Correct Decree.

[2] The specific language under scrutiny here follows.  The Standard Visitation Order, under the heading of "Alternate Weekends", states that "[c]osts of weekend visitation shall be at the expense of the visiting parent."   The Standard Visitation Order, however, under the heading of "Summer and Holiday Transportation Cost", states that "[a]ll other costs of visitation will be borne equally by the parents, the

[¶5]   Five months after the decree was entered, Father filed a Motion to Correct or Clarify Decree of Divorce, noting the difference between the decree and the Standard Visitation Order in how transportation costs were to be assessed.  Father stated that Mother's exercise of weekend visitations, and her insistence that transportation costs be shared, required Father to fly to Albuquerque on alternating Sundays to pick up the parties' young child for return to Cheyenne.  Father noted that in some months his contributions for visitation expenses exceeded the amount of child support he received from Mother.  Father pointed out that the trial court, in its ruling, stated, "I do anticipate it will be impossible to exercise every-other-weekend visitation, unfortunately."

[¶6]   After a hearing, the district court issued its Order Granting Motion to Clarify or Correct Decree, ordering that "the Decree is clarified such that the Standard Visitation Order applies, that weekend visitation is at the expense of the visiting parent and the other visitation costs are shared by the parents."  Mother now appeals.

## STANDARD OF REVIEW

[¶7]   The standard of review for a W.R.C.P. 60(a) question is well established:

> When reviewing a district court's application of Rule 60(a), this Court employs a two-part process. The first question we must answer is whether the correction or clarification of a judgment relates to a "clerical mistake." If so, we then review the district court's order to ascertain whether it clarified or modified the original judgment. *Elsasser,* 989 P.2d at 108; *see also Johnson v. Johnson,* 851 P.2d 4, 8 (Wyo.1993) (Taylor, J., dissenting). Both questions are questions of law, which we review *de novo. Brockway v. Brockway,* 921 P.2d 1104, 1106 (Wyo.1996); *see also Johnson,* 851 P.2d at 7–8.

*Glover v. Crayk*, 2005 WY 143, ¶ 9, 122 P.3d 955, 958 (Wyo. 2005); *see also Wyland v. Wyland*, 2006 WY 93, ¶ 8, 138 P.3d 1165, 1168 (Wyo. 2006).

## DISCUSSION

[¶8]   W.R.C.P. 60(a) provides, in pertinent part, as follows:

---

non-custodial parent paying the cost of bringing the child to the non-custodial parent's residence and the custodial parent paying for the cost of returning the child to the custodial parent's residence."  In contrast, the decree simply states that the parties shall share transportation costs for visitation "such that [Mother] shall pay the cost or provide transportation in order to exercise her visitation and [Father] shall pay the cost or provide transportation to return the child."

> (a) *Clerical mistakes.*—Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

[¶9]    As an initial matter, we note that neither Father nor the district court precisely specified under what authority the motion to correct or clarify was brought or granted. That omission does not bar the application of the rule. It is clear from the text of W.R.C.P. 60(a) that the court may proceed under the rule at any time under its own initiative. It appears from our review of the record and the order on appeal that the district court approached the proceedings as a clarification of an ambiguous divorce decree, thereby implicitly invoking Rule 60(a). We will therefore treat this as a Rule 60(a) proceeding.

### Did the District Court exceed its authority to correct a "clerical mistake" under Rule 60(a) by clarifying the original decree?

[¶10]  Mother asserts that the application of Rule 60(a) is restricted to the correction of **clerical errors** that "refer[ ] to the type of error identified with mistakes in transmission, alterations or omission of a mechanical nature," citing a snippet of language from this Court's decision in *Spomer v. Spomer*, 580 P.2d 1146, 1149 (Wyo. 1978). Mother posits that the cost allocation language in the initial decree pertaining to visitation was the result of deliberate judicial reasoning, not a clerical error, and constituted a judicial act that cannot be cured under Rule 60(a). *See, e.g., id. and Matter of Kimball's Estate*, 583 P.2d 1274, 1278 (Wyo. 1978).

[¶11] Mother's reasoning fails. A full reading of *Spomer* clearly indicates that Rule 60(a) is "designed to clarify as well as correct" in order to serve its purpose "to effectuate the intent of the court." *Spomer,* 580 P.2d at 1149. We stated:

> In this respect, we feel the rule can properly be utilized to dispel ambiguities that exist in the record, whether that ambiguity is patent or latent. *United States v. Stuart, supra*; *In re White*, 336 F.Supp. 735 (E.D.Wis.1971). Where the intention of the court is not evident or apparent, Rule 60(a) can be used to clarify the meaning to conform to the contemporaneous intentions of the court as then expressed. *In re White, supra*; *Harold Laz Advertising Company v. Dumes*, 2 Ariz.App. 236, 407 P.2d 777 (1965), reh. denied.

*Id.*

3

[¶12] In this case there is a patent ambiguity in the record regarding cost allocation for visitation. This ambiguity results from the fact that the language which appears in the body of the decree conflicts with the language used in the Standard Visitation Order incorporated into the decree.[3] As previously mentioned, the decree states without differentiation that costs of visitation are to be split by the parents, whereas the Standard Visitation Order states that weekend visitation costs are to be at the expense of the visiting parent, but that all other costs of visitation (summers and holidays) are to be split. Father moved the court to clarify the decree "as to the division of transportation expense herein." Based on the underlying ambiguity, the decree "obviously needed to be clarified." *Glover*, ¶ 7, 122 P.3d at 957. We have held that a clarification such as this relates to a "clerical mistake" for purposes of Rule 60(a). *Id.; Wyland*, ¶ 11, 138 P.3d at 1169; *Spomer*, 580 P.2d at 1149.

[¶13] The district court, by its Order Granting Motion to Clarify or Correct Decree, was attempting to clear up the conflict that resulted in a double meaning in the original Decree of Divorce. The district court's clarification of the ambiguity qualifies as correcting a "clerical mistake" under Rule 60(a), so the district court had the authority to clarify the decree.

### Did the District Court correctly clarify the original decree pursuant to Rule 60(a)?

[¶14] Having determined that the district court procedure in clarifying a "clerical mistake" under Rule 60(a) was proper under these facts, we now turn to a review of the district court's order. We are required to determine whether the order correctly clarified the original decree, or whether the order improperly modified the original decree. That calculus is informed and guided by the central purpose of Rule 60(a) which "is to effectuate the contemporaneous intent of the court and to ensure that the judgment reflects that intent." *Glover,* ¶ 10, 122 P.3d at 958 *quoting Spomer*, 580 P.2d at 1149.

[¶15] Contract construction principles are employed when construing a court order:

> This Court applies the same rule when construing a court order as used in construing a contract. *Brockway,* 921 P.2d at 1106. The interpretation and construction of a contract is a matter of law for the Court. The language of a contract is to

---

[3] There is an ambiguity if the meaning is obscure due to indefiniteness of expression or because a double meaning is present. Ambiguity is a question of law. *Wadi Petroleum, Inc. v. Ultra Resources, Inc.*, 2003 WY 41, ¶ 12, 65 P.3d 703, 708 (Wyo. 2003).

4

be construed within the context in which it was written, and this Court may look to the surrounding circumstances, the subject matter, and the purpose of the instrument to ascertain the intent of the parties at the time it was made. *Wadi Petroleum, Inc. v. Ultra Resources, Inc.,* 2003 WY 41, ¶ 11, 65 P.3d 703, 708 (Wyo.2003).

*Glover*, ¶ 10, 122 P.3d at 958.

[¶16] At the time the district court was called upon to consider Father's motion to clarify, the trial court judge who presided over the divorce proceeding and who entered the original divorce decree had left the trial court. The reviewing district court judge then properly turned to the trial court's enunciation of its decision from the bench to determine the trial court's intent in an attempt to resolve the ambiguous provisions in the documents. Relevant excerpts from the trial court's oral ruling state:

> [I] will grant joint custody, with primary residential custody going to [Father]. And [Mother] will have liberal visitation, also known as parenting time, and at a minimum no less than the Court's Standard Visitation Order. If there are any special provisions I can make, I will.
>
> …. And I'll give you a chance, counsel, to speak in a minute as to whether there's anything to be added to the Standard Visitation Order. I do anticipate it will be impossible normally to exercise every-other-weekend visitation, unfortunately.
>
> **As to other provisions**, the party receiving the child for or returning from a period of visitation will have to transport the child at his or her expense. So to clarify this for the record, if [Mother] is going to take the child for visitation in New Mexico, she'll have to come and get him, and then [Father] will have to go get him back in New Mexico. Obviously, if you can work out a better system to meet in the middle, then that's fine. This decree is the default, as I've already said. You may find a better system.

(Emphasis added.)

[¶17] Evaluating the trial court's remarks in light of the conflicts between the decree language and the Standard Visitation Order language, the district court focused on two features of the trial court's ruling. First, the court noted 1) that the Standard Visitation

Order treats weekend visitation costs differently (at the expense of the visiting parent) than summer and holiday visitation costs (borne equally by the parents), and 2) that nothing in the trial court's ruling suggested that weekend visitation costs be treated differently than in the Standard Visitation Order. Second, the district court noted that the trial court addressed weekend visitation by anticipating that it would be "impossible normally to exercise every-other-weekend visitation," followed immediately by the statement "as to other provisions, the party receiving the child for or returning from a period of visitation will have to transport the child at his or her expense."

[¶18] The trial court's reference to "other provisions" directed shared visitation costs that were consistent with shared summer and holiday visitation costs under the Standard Visitation Order. The "other provisions" reference immediately followed the trial court's reference to weekend visits. The district court reasoned that, when read in context, the only reasonable interpretation of the trial court's sequential statements was that the reference to "other provisions" referred to visitation other than weekends. The district court then clarified the original decree "such that the Standard Visitation Order applies, that weekend visitation is at the expense of the visiting parent and the other visitation costs are shared by the parents."

[¶19] The district court's reasoning is sound. The order on appeal reflects a logical interpretation of the trial court's remarks, it expresses the contemporaneous intent of the trial court as then expressed, and it resolves the ambiguity between the decree and the incorporated Standard Visitation Order.

[¶20] Mother contends that the district court order is an improper modification of the Decree of Divorce because 1) a showing of a material change of circumstances pursuant to Wyo. Stat. Ann. § 20-2-204 (LexisNexis 2013) was not made to justify the modification, and 2) no timely motion to "alter or amend" the decree under W.R.C.P. 59(e) was made (which rule requires such motion to be filed within ten days after the entry of judgment). Mother's arguments are faulty in their assumptions. *If* the district court order amounted to a modification, alteration or amendment of the decree, Mother's argument may have some merit since Rule 60(a) is designed to correct and/or clarify, not modify, a judgment. However, Mother's modification argument can gain no traction on a ground where clarification, not modification, is required.

[¶21] We fail to see how the district court order in this case amounts to an improper modification, alteration, or amendment of the original decree. There is no "substantive alteration" of the order that violates the purpose of Rule 60(a). *See Spomer*, 580 P.2d at 1146, 1150. The original decree contained ambiguous provisions pertaining to costs of visitation that obviously needed to be clarified. The district court accomplished that by crafting an order that reflected the contemporaneous intent of the trial court. The district court correctly clarified the original decree pursuant to Rule 60(a).

[¶22] We also find no merit in Mother's argument that any ambiguity in the original decree be resolved in favor of Mother simply because Father's attorney drafted the Decree of Divorce. The Decree of Divorce is an order of the Court and by the Court. Mother has cited no pertinent legal authority or any basis in law for the proposition that ambiguous court orders be resolved against a party whose lawyer may have drafted the order for the district court's consideration and use. Even if Mother had presented persuasive authority for such a "default" rule of construction, its application in the present case would be improper and imprudent in the face of actual evidence of the trial court's intent that was properly considered by the district court under Rule 60(a).

[¶23] The district court, by its Order Granting Motion To Clarify Or Correct Decree, correctly clarified the original Decree of Divorce pursuant to W.R.C.P. 60(a).

## *CONCLUSION*

[¶24] The Decree of Divorce incorporated a Standard Visitation Order. Taken together, the visitation cost provisions contained in the body of the decree and the visitation order presented a patent ambiguity. In its order granting Father's motion to clarify, the district court properly employed Rule 60(a) to clarify the ambiguity and correctly clarified the decree according to the contemporaneous intent of the trial court.

[¶25] Affirmed.